[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Eugene Riccio, was ineffective in that he (a) failed to make a sufficient inquiry into the petitioner's mental capacity at the time of the entry of his guilty plea; (b) failed to make a motion for a competency evaluation; (c) failed to advise petitioner of his right to appeal; (d) failed to advise petitioner of potential issues that he could raise on appeal; and (e) failed to file a timely appeal.
The petitioner's arrest resulted from the stabbing death of Arnold Joseph who was returning home from his night job at 5 A.M. on January 30, 1992 in Stamford. The petitioner was overheard stating that he was going to rob Mr. Joseph as he ran to him and was seen struggling with him before stabbing him to death. The petitioner's gloves, mask and knife were found and the petitioner, although not admitting the attempted robbery, did admit the stabbing.
Mr. Riccio testified that he was appointed as a special public defender to represent the petitioner some time in late May 1992 after the court found probable cause on the charges of murder and felony murder. On July 15, 1992 Judge Dean ordered an evaluation of the petitioner under the provisions of G.S. 54-56b
and on July 27, 1992 the clinical team found him competent to stand trial. See Respondent's Exhibit B. In Spring of 1993, he retained Dr. Goodwin, a psychiatrist, to evaluate the petitioner who found him competent. He was called to trial in late July, 1993. During six days of selecting jurors the petitioner participated in the selection process and he had ample time to go over the elements of the charges, the potential penalties and the possible defenses. During that time the petitioner exhibited no mental deficits and he was not aware that the petitioner was taking any medication. At the completion of the jury, Mr. Riccio testified that he told the petitioner it would be in his best interest to accept a plea bargain for a 30 year sentence on one count of felony murder and that he would receive nolles on the other two counts as well as nolles on two other files, one on a robbery charge and the other on an assault case. The petitioner went to plea on July 21, 1993, see Petitioner's Exhibit 2, and CT Page 3627 was sentenced on the plea agreement, see Petitioner's Exhibit 1,
on September 22, 1993.
Dr. Goodwin testified that he saw the petitioner in the Spring of 1993 and that he was placed on stabilizing medication to manage any aggression and tranquilizers. This was done because of his complaints of having conversations with voices or as the doctor explained, hallucinating. He stated that hallucination would be obvious to anyone who observed the person but did not have any collaboration with correctional officers on it. He treated him by assuming the petitioner was telling the truth. By July 8, 1993 he was on a dosage of 100 mg. of thorazine each evening to allow him to sleep peacefully. That dosage was very low which would have a normal effect of several hours and might have a minimal residuary into a few hours of the following day. All the medications prescribed taken at the dosages given should increase thought processes. Over dosage might cause Parkinson type symptoms and low dosage would cause the underlying symptoms to appear again.
From the evidence presented, the court finds that the petitioner was competent to stand trial in late July of 1003 and that he answered the questions of Judge Dean at his plea appropriately with obvious understanding. I further find that Attorney Riccio had a competency evaluation available to him in 1992 but also provided one for the trial in July, 1993. A state may presume that a defendant is competent and require him to prove incompetence by a preponderance of the evidence. Medina v.California, 505 U.S. 437, 449. The petitioner then and now has failed to carry that burden of proof.
The petitioner has also claimed ineffectiveness as to appeal advise, but there is no claim that the practice book provides appeal for anything but an adverse decision. See P.B. 944. There is no present claim that the sentence given was not in accordance with the plea agreement.
For the above reasons the petition is denied.
Corrigan, JTR